UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIE DIVINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0099-CVE-PJC |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court for consideration is Defendant's Motion to Dismiss and Strike and Supporting Brief (Dkt. # 6). Defendant asks the Court to dismiss or strike plaintiff's state law claim for bad faith, because it is preempted by the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff has not filed a response.

### I.

Plaintiff was an employee of State Farm Insurance Companies ("State Farm") and participated in a disability insurance plan offered to State Farm employees. The State Farm disability insurance policy is insured through Life Insurance Company of America ("LINA"). Plaintiff alleges that she filed a claim for disability benefits and that LINA refused pay benefits as required under the policy. Plaintiff filed a claim in state court alleging that LINA breached the insurance contract by failing to pay benefits and that LINA acted in bad faith when denying her claim. Plaintiff seeks compensatory and punitive damages. LINA removed the case to federal court on the ground that ERISA preempts plaintiff state law claims and this Court has jurisdiction under 28 U.S.C. § 1331 to hear the case.

**II.**

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

**III.**

ERISA was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). Congress drafted ERISA with the express intention that it would preempt state regulation of employee benefit plans and that the civil enforcement provisions of ERISA would be the exclusive method to resolve benefits disputes. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) ("The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive preemption provisions"); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55 (1987) ("The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive."). The Tenth Circuit has held that the preemptive scope of ERISA is so "'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the well-pleaded complaint rule." Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1156 (10th Cir. 2004).

The Tenth Circuit has repeatedly held that a state law claim for bad faith is preempted if it would fall within the scope of ERISA's civil enforcement provisions. <u>Allison v. Unum Life Ins. Co. of America</u>, 381 F.3d 1015, 1025-26 (10th Cir. 2004); <u>Kidneigh v. UNUM Life Ins. Co. of America</u>, 345 F.3d 1182, 1185 (10th Cir. 2003); <u>Conover v. Aetna US Health Care, Inc.</u>, 320 F.3d 1076, 1080 (10th Cir. 2003); <u>Gaylor v. John Hancock Mut. Life. Ins. Co.</u>, 112 F.3d 460, 466 (10th Cir. 1997); <u>Carland v. Metropolitan Life Ins. Co.</u>, 935 F.2d 1114, 1119 (10th Cir. 1991). State law is not preempted by ERISA if it regulates insurance and meets a two-part test established by the United States Supreme Court: 1) "the state law [is] specifically directed toward entities engaged in insurance;" and 2) "the state law . . . substantially affect[s] the risk pooling arrangement between the insurer and the insured." <u>Kentucky Ass'n of Health Plans, Inc. v. Miller</u>, 538 U.S. 329, 342 (2003). Applying this test, the Tenth Circuit and the Oklahoma Supreme Court agree that Oklahoma's tort of bad faith does not regulate insurance and does not escape preemption under ERISA. <u>Allison</u>, 381 F.3d at 1025-27; <u>Hollaway v. Unum Life Ins. Co. of America</u>, 89 P.3d 1022, 1031-32 (Okla. 2003).

Plaintiff's complaint seeks to recover benefits under an employee benefit plan and she elected to file her claim as a state law claim. The Court has already issued an ERISA scheduling order and the parties have begun the briefing cycle. Plaintiff has not objected to the Court's characterization of her claim as an ERISA claim, nor has plaintiff filed a response to defendant's motion to dismiss.[1] Plaintiff's breach of contract claim has implicitly been converted into an ERISA claim  The law is clear that Oklahoma's tort of bad faith is not saved from preemption and that

---

[1] Plaintiff's opening ERISA brief does not discuss the choice of law issue raised in defendant's motion to dismiss. However, the brief relies on an arbitrary and capricious standard of review, apparently conceding the applicability of ERISA to plaintiff's claim.

3

punitive damages would be inconsistent with remedial provisions of ERISA.  Allison, 381 F.3d at 1025; Conover, 320 F.3d at 1079-80.  Therefore, Plaintiff's claim for bad faith against defendant is preempted.  Plaintiff may not attempt to recover on that theory of liability or seek punitive damages based on an alleged bad faith refusal to pay benefits.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Strike and Supporting Brief (Dkt # 6) is **granted** and count two of plaintiff's complaint is **dismissed**.

**DATED** this 24th day of July, 2006

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT