UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JULIE DIVINE, )
)
       **Plaintiff,** )
)
v. ) Case No. 06-CV-0099-CVE-PJC
)
LIFE INSURANCE COMPANY OF )
NORTH AMERICA, )
)
       **Defendant.** )

## OPINION AND ORDER

Plaintiff filed this action seeking to recover benefits and enforce her rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). Plaintiff challenges as arbitrary and capricious the decision of Life Insurance Company of North America ("LINA") to deny long-term disability ("LTD") benefits.

## I.

Plaintiff Julie Divine was employed by State Farm Automobile Insurance Company ("State Farm") as a claims representative from April 1989 to October 2003. At State Farm, her duties included investigating, evaluating, and settling automobile liability claims, assisting agents in the field, and working with attorneys to defend lawsuits. Although plaintiff's job description included occasional travel and light physical activity, the majority of plaintiff's time was spent answering phones in a central claims office. State Farm described plaintiff's job as sedentary. Plaintiff suffered from Crohn's disease,[1] and had seven surgeries within a four year period to treat symptoms caused by complications from the disease. She complained about an ongoing gastrointestinal condition that

---

[1]     Crohn's disease is a long-term disorder that causes inflammation of the digestive tract.

she believed was caused by Crohn's disease. She used all of her sick leave, vacation pay, and paid time off but, in October 2003, she felt that she was no longer able to work. Plaintiff filed a claim for long-term disability benefits on February 24, 2004, stating that she had "one of the worst cases [of Crohn's disease] in this part of the country." Admin. Rec. at 222.

State Farm purchased a LTD policy ("the Plan") from LINA, and plaintiff was eligible for coverage under this policy. The Plan states that an employee is disabled if because of injury or sickness:

1. he/she is unable to perform all the material duties of his/her regular occupation, or solely due to Injury or Sickness, he/she is unable to earn more than 80% of his/her Indexed Covered Earnings; and

2. after Disability Benefits have been payable for 24 months, he/she is unable to perform all the material duties of any occupation for which he/she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he/she is unable to earn more than 80% of his/her Indexed Covered Earnings.

Admin. Rec. at 239. The Plan administrator, the State Farm Group Long Term Disability Plan, appointed the insurer, LINA, to serve as the Plan fiduciary for ERISA purposes. The Plan is clear that LINA "shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." Id. at 254.

On June 21, 2004, LINA denied plaintiff's claim for LTD benefits, because it found there was no evidence supporting plaintiff's statements that she was unable to return to work. When reviewing her claim, LINA contacted plaintiff's treating physician, Craig Johnson, M.D., who believed that plaintiff was disabled, and he would not clear plaintiff to return to work. Dr. Johnson told LINA's assistant medical director that the stress of returning to work would exacerbate

plaintiff's Crohn's disease, and that it would not be in plaintiff's best interest to return to work. He stated that plaintiff needed to be in close proximity to a bathroom at all times but, even if this requirement were met, plaintiff's long-term recovery would be impaired if she worked. Considering this evidence, LINA denied plaintiff's claim for LTD benefits:

> The Plan provides that LINA would pay benefits only if you were prevented by disability from performing the essential duties of your occupation. However, the weight of the evidence in your claim file does not support your inability to perform your occupation. Although your treating physician states that returning to work could result in episodic flares, there is no evidence to support how your episodic flares would prevent you from performing your occupation when the only restriction given is having close proximity to a restroom. Given your sedentary occupation, you would have the flexibility to go to the restroom at your discretion. In addition, there are no restrictions given pertaining to your activities of daily living.

Id. at 148-49.

Plaintiff appealed LINA's decision to deny LTD benefits on July 22, 2004. She felt that LINA ignored relevant evidence in the administrative record detailing the devastating effect that Crohn's disease has had on her daily life. She provided additional medical records in support of her claim, and stated that the Social Security Administration ("SSA") approved her claim for disability benefits in April 2004. Dr. Johnson sent a letter to LINA discussing the severity of plaintiff's condition, and emphasized that her condition would continue to deteriorate. He was impressed with plaintiff's desire to return to work, but renewed his previous opinion that plaintiff was disabled from performing the essential functions of her job as a claims representative. LINA notified plaintiff that her claim would be referred to an independent medical consultant, Venkatachala Mohan, M.D.[2] Dr. Mohan concluded that plaintiff could perform a sedentary occupation and that she was not disabled under the terms of the Plan. He found no evidence of active Crohn's disease, and he attributed

---

[2]   Dr. Mohan is board-certified in gastroenterology and internal medicine and he reviewed plaintiff's claim for disability benefits as a specialist in these fields.

plaintiff's continued complaints of abdominal pain to a hernia that was surgically repaired in October 2003. LINA denied plaintiff's appeal, and notified plaintiff of her right to file another internal appeal if she wished to submit additional medical records in support of her claim.[3]

Plaintiff filed a second appeal on December 16, 2004. She alleged that LINA ignored relevant facts in the record that supported plaintiff's claim for LTD benefits. In her appeal, she stated that she was unable to perform any occupation and described a typical day in her life. Plaintiff claimed that due to uncontrollable bowel movements she was unable to work for a consistent period of time or leave her home without significant pain. She submitted a letter from Dr. Johnson and Patrick Volak, M.D., in support of her renewed appeal. Dr Johnson stated that "[t]here is absolutely no way an individual with her condition can hold any type of job, be it manual or sedentary." Id. at 55. He found that plaintiff was unable to focus on any task for more than 15 or 30 minutes without having to go to the restroom or change her clothes. Dr. Johnson emphasized that plaintiff was found to be disabled by the SSA and her former employer, State Farm, continued to provide health benefits to plaintiff as a disabled/retired employee. He opined that plaintiff was unable to perform any occupation and that she should receive LTD benefits due to her total disability.

On January 21, 2006, LINA notified plaintiff that her second appeal was denied, because she did not provide additional medical records to support her claim for LTD benefits. Although plaintiff submitted letters from Dr. Volak and Dr. Johnson, neither physician provided medical records in support of their opinions that plaintiff was disabled. LINA stated that the decision to grant a second

---

[3] Plaintiff had the option of filing another appeal with LINA if she had new documentation to support her claim, or she could forego the internal appeals process and file an ERISA claim.

4

appeal was conditioned on plaintiff's submission of updated medical records and, due to plaintiff's failure to submit medical records, it had no choice but to deny her appeal. Following the denial of plaintiff's second appeal, she filed this lawsuit alleging that LINA violated ERISA when it denied her claim for LTD benefits.

## II.

As a preliminary matter the Court must establish the proper standard of review for plaintiff's ERISA claim. As a plan beneficiary, plaintiff has the right to federal court review of benefit denials and terminations under ERISA. "ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989). Specifically, 29 U.S.C. § 1132(a)(1)(b) grants plaintiff the right "to recover benefits due to [her] under the terms of the plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." The default standard of review is de novo. However, when a plan gives the claims administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of a plan, a challenge under section 1132(a)(1)(B) is to be reviewed under an arbitrary and capricious standard. See Firestone, 489 U.S. at 115 (courts must apply the appropriate standard "regardless of whether the plan at issue is funded or unfunded and regardless of whether the administrator or fiduciary is operating under a possible or actual conflict of interest. Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion.").

Under the two-tier "sliding scale" approach adopted by the Tenth Circuit, a "reduction in deference is appropriate" where there is an inherent or proven conflict of interest. Fought v. Unum

Life Ins. Co. of America, 379 F.3d 997, 1006 (10th Cir. 2004).  If plaintiff shows a conflict of interest, deference to the decision is reduced and the burden shifts to plan administrator or fiduciary to prove "that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence." Id.

In a conflict of interest situation, the determinative inquiry is whether the administrator's[4] decision was supported by substantial evidence.  "'Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker].'  Substantial evidence requires 'more than a scintilla but less than a preponderance.'" Sandoval v. Aetna Life & Cas. Inc. Co., 967 F.2d 377, 382 (10th Cir. 1992) (citations omitted).  "The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." Allison v. Unum Life Ins. Co. of America, 381 F.3d 1015, 1022 (10th Cir. 2004). The Court considers the record as a whole, but it considers only that information available to the plan administrator at the time the decision was made.  Hall v. Unum Life Ins. Co. of America, 300 F.3d 1197, 1201 (10th Cir. 2002); Chambers v. Family Health Plan Corp., 100 F.3d 818, 823 (10th Cir. 1996) ("The reviewing court may consider only the evidence that the administrators themselves considered.").  The Court must "take into account whatever in the record fairly detracts from the weight of the evidence in support of the administrator's decision." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994) (internal citations and quotation marks omitted).  The Court gives less deference to an

---

[4]   In ERISA cases, the decision maker is generally referred to as a "plan administrator." However, the Plan administrator in this case, the State Farm Group Long Term Disability Plan, delegated its decision making authority to LINA. In this Opinion and Order, the Court will refer to LINA, rather than the Plan administrator.

administrator's conclusions if the administrator fails to gather or examine relevant evidence. See Caldwell v. Life Ins. Co. of N. America, 287 F.3d 1276, 1282 (10th Cir. 2002). Yet, the Court "will not set aside a benefit decision if it was based on a reasonable interpretation of the plan's terms and was made in good faith." Trujillo v. Cyprus Amax Minerals Co., Ret. Plan Comm., 203 F.3d 733, 736 (10th Cir. 2000).

The proper standard of review in this case is the "arbitrary and capricious" standard discussed by the Tenth Circuit in Fought. The plain language of the Plan shows that LINA was acting in a dual capacity as insurer and Plan fiduciary with authority to interpret Plan documents, decide questions of eligibility for coverage or benefits, and make findings of fact. Therefore, Fought requires the Court to reduce the level of deference shown to the LINA's decision. The Court will apply an "arbitrary and capricious" standard of review, but defendant must demonstrate the reasonableness of its decision to deny coverage by showing that the inherent conflict of interest did not influence its decision and that the coverage determination was supported by substantial evidence. Fought, 379 F.3d at 997.

**III.**

Plaintiff argues that the evidence in the administrative record shows that her condition was so severe that there was no reasonable basis to deny her claim for LTD benefits. She claims that her treating physicians refused to permit her to return to work, and the testimony of her physicians should be given greater weight than the independent review of plaintiff's medical records authorized by LINA. Plaintiff also cites the SSA's determination that she was disabled and suggests that the SSA's standard for permanent disability is more stringent than LINA's definition. She claims that

LINA ignored the SSA's determination, and that it was arbitrary and capricious to reject the SSA's findings.

Plaintiffs' treating physicians were adamant that she should not return to work, and she suggests that the opinions of her physicians are more credible than the independent review of Dr. Mohan.  However, LINA was not required to defer to the opinions of plaintiff's treating physicians, and LINA's reliance on Dr. Mohan's independent review does not create an inference that it ignored relevant evidence in the administrative record.  The Supreme Court has rejected a treating physician rule, stating:

> Plan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician.  But, we hold, courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation.

Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003).  LINA could not disregard the opinions of plaintiff's physicians, but the mere fact that it disagreed with her physicians does not imply that LINA's actions were arbitrary and capricious.  Davis v. Unum Life Ins. Co. of America, 444 F.3d 569 (7th Cir. 2006); Vercher v. Alexander & Alexander Inc., 379 F. 3d 222 (5th Cir. 2004); Stratton v. E.I.  DuPont De Nemours & Co., 363 F.3d 250, 257 (3d Cir. 2004).  The Court will consider the opinions of Dr. Johnson and Dr. Volak in its review of plaintiff's ERISA claim, but plaintiff's suggestion that the opinions of her treating physicians are entitled to greater deference is not supported by case law.

Plaintiff claims that SSA's determination that she was disabled reflects the arbitrary and capricious nature of LINA's decision to deny her claim.  The Plan does not require LINA to defer

to SSA's decision. See Wilcott v. Matlack, Inc., 64 F.3d 1458, 1461 (10th Cir. 1995) (finding plan administrator's refusal to award benefits based on SSA's determination arbitrary and capricious, because plan included specific language deferring to SSA's decision). However, the SSA's findings could have been relevant to plaintiff's claim and the SSA's letter awarding plaintiff benefits for total disability is part of the administrative record. Admin Rec. at 137-40. The Court has reviewed the administrative record and can not find any evidence that LINA considered the SSA award. While not arbitrary and capricious per se, LINA's failure to consider the SSA's decision is a factor suggesting its actions were arbitrary and capricious. Glenn v. Metlife, 461 F.3d 660, 669 (6th Cir. 2006); Marciniak v. Prudential Financial Ins. Co. of America, 184 Fed. Appx. 266, 269 (3d Cir. 2006). LINA was not bound to follow the SSA's decision, but plaintiff submitted this evidence to LINA and it should have been considered.[5]  Bard v. Boston Shipping Ass'n, 471 F.3d 229, 242 n.17 (1st Cir. 2006); Paese v. Hartford Life Acc. Ins. Co., 449 F.3d 435, 442-43 (2d Cir. 2006).

Even though the Court finds that LINA should have addressed the SSA's findings, this alone does not show that its actions were arbitrary and capricious under the terms of the Plan. Pari-Fasono v. ITT Hartford Life & Acc. Ins. Co., 230 F.3d 415, 420 (1st Cir. 2000) ("although a related Social Security benefits decision might be relevant to an insurer's eligibility determination, it should not

---

[5] In defendant's brief, it claims that it considered the SSA's decision when it determined that plaintiff was not eligible for LTD benefits. However, in its denial letters to plaintiff, LINA does not reference the SSA's decision. ERISA requires defendant to notify a claimant of the "specific reasons" for a denial of benefits and, without a specific reference to the SSA's determination, the Court can not infer that LINA properly considered this evidence. 29 U.S.C. § 1133(1). In a letter to the Oklahama Insurance Department, LINA responded to plaintiff's claim that it ignored the SSA's decision by stating that it was "unable to rely solely on the opinion of any other agency when making [its] disability determination." Admin. Rec. at 123. While this may be true, this does not indicate that LINA actually considered the SSA's decision, and this is not sufficient to show that LINA properly considered this evidence in its decision to deny plaintiff's claim for LTD benefits.

9

be given controlling weight except perhaps in the rare case in which the statutory criteria are identical to the criteria set forth in the insurance plan"). The administrative record shows that plaintiff had severe and ongoing medical problems related to a gastrointestinal condition, although there is conflicting evidence about the cause of plaintiff's symptoms. She had 7 surgeries in a 4 year period from 2001 to 2004 and her treating physician, Dr. Johnson, believed that plaintiff should retire if she had sufficient financial resources. Dr. Volak, plaintiff's gastroenterologist, expressed disbelief when LINA denied plaintiff's claim for benefits; however, his letter to LINA does not contain references to medical records or provide any objective basis for his conclusion that plaintiff was totally disabled. Plaintiff claims that Dr. Mohan's independent medical review ignored evidence of her symptoms, and his conclusion that plaintiff could perform a sedentary occupation was arbitrary and capricious.

Defendant cites Sparkman v. Prudential Insurance Company of America, 427 F. Supp. 2d 1117 (D. Utah 2006), as a similar case where a district court upheld the plan administrator's decision to deny LTD benefits. In Sparkman, the plaintiff, David Sparkman, claimed that he was disabled due to a severe atopic eczema, and he stopped working. Prudential Insurance Company of America ("Prudential") initially approved his claim for LTD benefits, and SSA subsequently decided to award plaintiff benefits for total disability. Three years later, Prudential reviewed its decision and determined that plaintiff was not eligible for benefits, because he was not under the care of a doctor and he could perform the material duties of his job. Id. at 1118-19. Sparkman appealed Prudential's decision and submitted reports from his doctors stating that his condition was permanent. He argued that the reports of his six physicians were more credible than the reports of two independent medical

reviewers, and there was no reasonable basis to deny his claim for LTD benefits. He also relied on the SSA's determination that he suffered from a permanent disability. Id. at 1123.

The court rejected Sparkman's arguments, and found that the plan administrator's decision to deny LTD benefits was not arbitrary and capricious. Plaintiff could not rely on the allegedly superior opinions of his doctors because a treating physician rule did not apply in ERISA cases. He had the burden to show that the independent medical reviewers' opinions were unreasonable, and he did not meet this burden. The reviewers considered the evidence from the plaintiff's treating physicians, and he could not show the reviewers reached an unreasonable decision simply because they disagreed with his treating physicians. Id. at 1124. Sparkman's comparisons between the reviewers' opinions and those of his own physicians did not prove that Prudential's decision was arbitrary and capricious, because he failed to produce evidence that independent reviewers were biased or were tainted by a conflict of interest. Id. at 1125. The court also rejected Sparkman's argument that the SSA's benefits determination provided a basis for estoppel. The mere fact that Prudential came to a different conclusion than the SSA does not imply that the plan administrator's decision was unreasonable. Sparkman did not produce any evidence that Prudential's definition of disability resembled the SSA's definition of total disability, and this limited the weight that the SSA's decision should be given. Id. The court found that Prudential met its burden to prove that it had substantial evidence supporting its decision to deny Sparkman's claim for LTD benefits, and its decision was affirmed.

In this case, plaintiff's arguments would be more appropriate if the Court were applying a de novo standard of review, because plaintiff is essentially asking the Court to balance LINA's decision against the opinions of her physicians and the SSA's finding of total disability. However,

11

in an ERISA case decided under the arbitrary and capricious standard, the Court must affirm the Plan administrator or fiduciary's decision if it comes forward with substantial evidence supporting its decision to deny benefits. As in Sparkman, the terms of the Plan do not mirror the SSA's guidelines, and the SSA's decision is not entitled to a significant amount of weight. Id. at 1125. Even though there is little evidence suggesting that LINA considered the SSA's finding of total disability, this does not conclusively show that LINA's decision was arbitrary and capricious.

On the contrary, the administrative record shows that LINA's decision was supported by substantial evidence. LINA pointed out evidence suggesting that plaintiff was not suffering from active Crohn's disease, and Dr. Johnson's office notes show that plaintiff was recovering normally from surgery for an incisional hernia. Plaintiff's medical records suggest that Dr. Johnson would clear plaintiff to return to work after she recovered from the surgery and, although he may have subsequently changed his opinion, the administrative record does not contain medical records supporting plaintiff's claim that she could not return to work. LINA personnel and Dr. Mohan contacted Dr. Johnson to request clarification as to plaintiff's ability to return to work, and found that the plaintiff could perform a sedentary occupation if she were near a restroom. Dr. Johnson stated that plaintiff suffered from episodic flares that would likely be exacerbated if she returned to work, but Dr. Mohan found that the medical evidence did not support this conclusion. The medical records show some ambiguity as to whether plaintiff had active Crohn's disease, and Dr. Johnson's own statements suggest that plaintiff could return to work if certain conditions were met.

The Court has taken a hard look at the evidence in the administrative record, and finds that LINA has met its burden to come forward with substantial evidence justifying its decision.

Therefore, LINA's decision to deny plaintiff's claim for LTD benefits was not arbitrary and capricious, and its decision is affirmed.

**IT IS THEREFORE ORDERED** that plaintiff Julie Divine's claim for LTD benefits is **denied**, and a separate judgment for defendant is entered herewith.

**DATED** this 9th day of February, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT